UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-900 |
| Plaintiff - Appellee, | D.C. No. 8:23-cr-00082-MEMF-1 |
| v. | Central District of California, Santa Ana |
| WILLIAM TAKANABE, | ORDER |
| Defendant - Appellant. | |

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

The petition (Docket Entry No. 33) for panel rehearing is granted. The memorandum disposition filed on May 1, 2025, is withdrawn. A replacement memorandum disposition is being filed concurrently with this order.

No further petitions for rehearing will be entertained in this case.

NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

SEP 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-900 |
| Plaintiff - Appellee, | D.C. No. 8:23-cr-00082-MEMF-1 |
| v. | |
| WILLIAM TAKANABE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Submitted April 22, 2025[**]

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

William Takanabe appeals from the district court's judgment and challenges the 80-month sentence imposed following his guilty-plea conviction for possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Takanabe contends that the district court procedurally erred by imposing the sentence based on a clearly erroneous fact concerning his recidivism risk and by insufficiently explaining its reasons for the sentence. Because Takanabe did not raise these claims in the district court, we review them for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

The record does not support Takanabe's claim that the district court incorrectly found he had a moderate recidivism risk. Instead, the court found that Takanabe's risk of reoffending was "not zero" given his one moderate score and the limitations of the tests themselves. This finding is not clearly erroneous. Moreover, the court's recidivism concerns were just one of the factors it considered and discussed in explaining its reasons for the sentence. Takanabe has not shown a "reasonable probability" that he would have received a shorter sentence had the court discussed his other recidivism scores or said more to explain why it was imposing a within-Guidelines sentence. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Takanabe also contends that his sentence is substantively unreasonable in light of the lower sentences recommended by probation and the government, as well as his mitigating circumstances and the need to avoid sentencing disparities with other similarly situated defendants. The district court considered these factors, however, and did not abuse its discretion in denying Takanabe's request for a

downward variance. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the harm to the children depicted in the photographs and videos. *See United States v. Blinkinsop*, 606 F.3d 1110, 1117-18 (9th Cir. 2010).

**AFFIRMED.**